IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN RE:<br><br>Shannon Minor,<br>   *Debtor* | )   CASE NO.: 21-40711-TLS<br>)<br>)<br>)<br>)   CHAPTER 7<br>)<br>) |

**OBJECTION TO MOTION FOR REDEMPTION
PURSUANT TO 11 U.S.C. 722 (DOC. 14)**

    Carvana, LLC, ("Secured Creditor") objects to the Debtor's Motion for Redemption Pursuant to 11 U.S.C. 733 (Doc. 14, the "Motion") and in support thereof states as follows:

    1.    Secured Creditor holds a claim by virtue of that certain Retail Installment Contract and Security Agreement dated December 16, 2020, which claim is secured by personal property described as a 2011 Buick Regal, VIN W04GS5EC6B1069954 (the "Vehicle").

    2.    On June 25, 2021, Debtor filed the Petition that initiated the above-captioned action (Doc. 1).

    3.    On July 19, 2021, Debtor filed schedules and other financial disclosures (Doc. 7, the "Schedules"). Debtor's Schedule A/B identified the Vehicle and stated the value of the Vehicle was $8,400.00. *Id*. Debtor's Schedule D identified Secured Creditor as the holder of a claim secured by the Vehicle and once again stated the value of the Vehicle was $8,400.00. *Id*. Finally, Debtor's Statement of Intention stated that Debtor intended to retain the Vehicle and enter into a reaffirmation agreement. *Id*.

    4.    On September 13, 2021, Debtor filed the Motion, in which Debtor asks the Court to authorize the redemption of the Vehicle based upon a redemption valuation of $5,953.00 (Doc. 14). The Motion states that Debtor will make a lump sum payment to Secured Creditor, which will be financed with a loan obtained from Prizm Financial Co. LLC pursuant to details attached to the

1

Case No. 21-40711-TLS

Motion. *Id*. However, the only document attached to the Motion is a valuation report. *Id*. The Motion also states the Vehicle is exempt or has been abandoned by the estate. *Id*.

5.  11 U.S.C. § 722 provides that an individual debtor may "redeem tangible personal property intended primarily for personal, family, or household use, from a lien securing dischargeable consumer debt…by paying the holder of such lien the amount of the allowed secured claim of such holder that is secured by such lien in full at the time of the redemption."

6.  Pursuant to 11 U.S.C. § 506(a)(2), the value of the personal property to be redeemed is "determined based on the replacement value of such property as of the date of the filing of the petition without deduction for costs of sale or marketing." In addition, the replacement value of personal property acquired for personal, family or household purposes is defined as "the price a retail merchant would charge for property of that kind considering the age and condition of the property at the time the value is determined."

7.  Here, Debtor asserts the Vehicle should be valued at $5,953.00 (Doc. 14). In support of that assertion, Debtor offers a printout from an unidentified source, which identifies "Edmunds' estimates of the average prices consumers are paying each other in private party transactions in your area." (Doc. 14-1, p. 3.) The estimates identified in the printout appear to be as of September 10, 2021 and range from $5,413 ("Rough") to $8,763 ("Outstanding"). *Id*. at p. 2 and 3. The "Clean" value identified on the printout is $8,093. *Id*. at p. 3.

8.  Secured Creditor objects to the redemption value proposed by Debtor and submits that the best evidence of the replacement value of the Vehicle on the petition date is contained in Debtor's Schedule A/B and Schedule D, both of which identified the value of the Vehicle as $8,400.00 (Doc. 7). That valuation was attested to by the Debtor as the "current value" of the Vehicle when the Schedules

were filed. Moreover, the Schedules describe that valuation as the "NADA Clean Retail" value of the Vehicle.

9. In the alternative, Secured Creditor submits the correct replacement value of the Vehicle is at least $8,325.00, which is the NADA "Clean Retail" valuation shown on the NADA Guide report attached hereto as **Exhibit "A."** This valuation was obtained on September 14, 2021, the day after the Motion was filed, from a reliable and recognized source in valuing vehicles.

WHEREFORE, Secured Creditor respectfully requests the Court sustain its Objection to the Motion to Redeem, determine the redemption value of the Vehicle is at least $8,400.00 and for such other and further relief as the Court deems just and proper.

Date: September 30, 2021                              Respectfully submitted,

                                                        GHIDOTTI BERGER, LLP

                                                        /s/ Erica Loftis
                                                        Erica Loftis (CABN 259286)
                                                        1920 Old Tustin Avenue
                                                        Santa Ana, CA 92705
                                                        Ph:  (949) 427-2010
                                                        Fax: (949) 427-2732
                                                        eloftis@ghidottiberger.com
                                                        Attorney for Movant

# EXHIBIT "A"




Did you know J.D. Power's industry-leading valuations data drives NADAguides.com? Learn more

🏠 › Car Pricing › Change Make › Change Year & Model › Change Trim › Change ZIP › Change Mileage & Options › Values

⇄ CHANGE CAR    ⊕ COMPARE

# 2011 Buick Regal Prices and Values
## Sedan 4D CXL

**VALUES** | PICTURES | SPECIFICATIONS | REVIEWS & RATINGS | SAFETY

See other trim levels: Sedan 4D CXL ▾

## Values & Cost Details ⓘ

|  | Rough Trade-In | Average Trade-In | Clean Trade-In | Clean Retail |
|---|---|---|---|---|
| Base Price | $3,275 | $4,175 | $4,900 | $7,125 |
| Mileage (84,469) | $1,200 | $1,200 | $1,200 | $1,200 |
| Total Base Price | $4,475 | $5,375 | $6,100 | $8,325 |
| **Options** (add) | | | | |
| **Price + Options** | **$4,475** | **$5,375** | **$6,100** | **$8,325** |

Selling Your Car? **Get an Online Offer** in 2 Minutes.

## CERTIFICATE OF SERVICE

On September 30, 2021, I served the foregoing documents described as OBJECTION TO AMENDED MOTION FOR REDEMPTION on the following individuals by electronic means through the Court's ECF program:

COUNSEL FOR DEBTOR(S)
Jessie C. Polson                    jessie.polson@samturcolawoffices.com

TRUSTEE
James A. Overcash                   trustee@woodsaitken.com

US TRUSTEE
Jerry Jensen                        ustpregion13.om.ecf@usdoj.gov

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/ Brandy Carroll
Brandy Carroll

On September 30, 2021, I served the foregoing documents described as OBJECTION TO AMENDED MOTION FOR REDEMPTION on the following individuals by depositing true copies thereof in the United States mail at Santa Ana, California enclosed in a sealed envelope, with postage paid, addressed as follows:

| Debtor(s) Shannon Minor 1406 East C St #50 Hastings, NE 68901 | |
|---|---|

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/ Brandy Carroll
Brandy Carroll